# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANNA GOLAND                     *
                                *
v.                              *          Civil No. JKS-04-2717
                                *
SUPERVALU, INC.                 *
d/b/a SHOPPERS FOOD             *
WAREHOUSE                       *

## MEMORANDUM OPINION

Plaintiff Anna Goland filed this diversity action alleging negligence on the part of Defendant

SUPERVALU INC. (Docket No. 1).  Pursuant to the consent of the parties, the case was referred to

me for all further proceedings (Docket No. 13).  Presently pending and ready for resolution is

Defendant's motion for summary judgment.  (Docket No. 18).  No hearing is deemed necessary.

Local Rule 105.6.  For the reasons set forth below, Defendant's motion will be granted.

**I.      Standard of Review.**

A motion for summary judgment will be granted only if there exists no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986).  If there exist factual issues "that properly can be resolved only by a finder of fact

because they may reasonably be resolved in favor of either party," then summary judgment is

inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810

F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.

1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party

bears the burden of showing that there is no genuine issue as to any material fact.  Fed. R. Civ. P.

56(c); *Pulliam Inv. Co.*, 810 F.2d at 128 (citing *Charbonnages de France v. Smith*, 597 F.2d 406,

414 (4th Cir. 1979)).  The court must construe the facts alleged in the light most favorable to the party

opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins*

*Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).

A party who bears the burden of proof must factually support each element of her claim.  "[A]

complete failure of proof concerning an essential element . . . necessarily renders all other facts

immaterial."  *Celotex Corp.*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party

will have the burden of proof, it is her responsibility to confront the motion for summary judgment with

evidence.  *Anderson*, 477 U.S. at 256.  Moreover, "a mere scintilla of evidence is not enough to create

a fact issue."  *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984).  There must be

"sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

*Anderson*, 477 U.S. at 249-50 (citations omitted).

## II.     Facts.

The following facts are either undisputed or are construed in the light most favorable to Ms.

Goland.  On September 26, 2003, Ms. Goland was shopping with her husband in the produce

department at Defendant's Shoppers Food Warehouse store in Takoma Park, Maryland, when she

slipped and fell to the floor.  She did not see anything on the floor before she fell, but she observed

plum peels and/or water on the floor after she fell.  She did not know how those substances got on the

floor or how long they had been there.  (Goland Dep. at 11-14).   Arnold Kalinskiy, Ms. Goland's

husband, also observed liquid and 10-15 fruit peels on the floor after Ms. Goland fell, but did not see

anything before she fell.  (Kalinskiy Dep. at 10-11).

Nicole Turner was standing behind Ms. Goland and witnessed her fall.  She did not see anything on the floor before Ms. Goland fell.  After the fall, Ms. Turner saw that the area was damp and that Ms. Goland had a small dark colored peel, apparently from a grape or a plum, stuck to the bottom of her shoe.  (Turner Dep. at 9-11).  She described the liquid as "dampness like if you walk in water, you know how the dirt and water mix," *id*. at 11, and "it was a little water if you continuously walked in it, walked through, it was just a little bit of dirt and water.  So apparently to me it had been there awhile [sic] because all of the dirt from it." *Id*. at 18.  When asked whether she knew how long the water had been on the floor, she first answered, "It had to have been -- from my experience, and I work in a facility where my guys waste stuff on the floor.  And if it's been there awhile [sic] and if you're walking in it, that's how it looks like." Asked again, she answered "No." *Id*. at 11-12.

A produce clerk was on the other side of a produce case, 10 to 12 feet from where Ms. Goland fell.  There is no evidence that he could see the floor area where the fall occurred.  *Id*. at 20-21, 25-26.  Ms. Turner did not know how long the produce clerk had been in the area; she herself had been in the produce section "a minute or two." *Id*. at 27-28.  When shown a photograph of the area, Ms. Turner stated that the "floor is never that clean.  At any point you can go in that store in that section and there's something on the floor." *Id*. at 30.

III.    **Analysis**.

Defendant is subject to the standard of care applicable to business invitees:

A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if he (1) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (2) has no reason to believe that they will discover the condition or realize the risk involved therein, and (3) invites or permits

them to enter or remain upon the land without exercising reasonable care to make the condition reasonably safe . . . .

*Rawls v. Hochschild, Kohn & Co., Inc.,* 207 Md. 113, 117 (1955).[1]  In Maryland, "a proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Servs.*, 239 Md. 229, 231-32 (1965); *Evans v. Hot Shoppes, Inc.,* 223 Md. 235 (1960).  To establish a claim for injuries suffered as a business invitee, the burden is on Ms. Goland to show that "the proprietor created the dangerous condition or had actual or constructive knowledge of its existence."  *Rawls*, 207 Md. at 233.  If she can establish that the dangerous condition "existed long enough for a person under a duty to discover it if he had exercised ordinary care, the failure to discover it may be sufficient evidence of negligence."  *Id.*  A proprietor is not, however, "an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in his store."  *Id.*

There is no evidence that Defendant created or had actual knowledge of the condition which caused Ms. Goland's fall.  Thus, she must produce evidence from which a reasonable jury could find that the condition existed long enough that Defendant should have discovered it prior to her fall.

Ms. Goland asserts that Ms. Turner's testimony provides that evidence.  As noted,  Ms. Turner stated that the water had dirt in it and looked as if it had been continuously walked through; as if it had been there "a while."  Ms. Turner did not specify how long she meant by "a while."  She admitted that

---

[1] Maryland substantive law applies in this diversity case.

she did not know how long the water had been on the floor and that she had only been in the produce

section a minute or two before Ms. Goland fell.

Evidence which is merely colorable, or is not significantly probative, is not sufficient to

overcome a motion for summary judgment.  *Anderson*, 477 U.S. at 249-50.  The evidence must "rise

above speculation or conjecture" to afford a rational basis for a determination of negligence.  *Moulden*,

239 Md. at 232.  Here, despite her professed experience with "guys wast[ing] stuff on the floor," Ms.

Turner was unable to state how long the water had been on the floor.  "A while" is a period of time of

indeterminate length, and the fact that the water appeared to have been walked through did not enable

Ms. Turner, and would not enable a jury, to do anything other than speculate as to how long it had

been on the floor, and, more importantly, whether it had been on the floor long enough that a proprietor

exercising reasonable caution should have discovered it.[2]

*Moulden* is closely analogous to this case.  There, the plaintiff slipped on a mashed, dry string

bean located on the floor outside the produce area.  Her reliance on the condition and location of the

bean was insufficient to allow her case to go to the jury, the Court reasoning that because it was

possible that the bean was dropped only a short time before the plaintiff stepped on it, any finding that

the store owner was negligent would be "pure conjecture" rather than a reasonable inference.  239 Md.

at 232, *quoting Orum v. Safeway Stores*, 138 A.2d 665 (D.C.).

Ms. Goland attempts to distinguish *Moulden* by arguing that the Court was ruling on a ten-

year-old witness' testimony in that case.  However, the *Moulden* Court also cited the store manager's

largely corroborative testimony.  239 Md. at 231.  Here, as in *Moulden*, Ms. Turner's description of

---

[2] Ms. Turner's opinion on the condition of the water is of doubtful assistance to Ms. Goland in any event.  Ms. Turner opined that the water did not cause the fall (Turner Dep. at 12) and there is no other evidence that the water caused Ms. Goland's fall.

the condition of the floor provides no basis upon which to find that Defendant by the exercise of reasonable caution should have discovered it.

Ms. Goland also relies on evidence that a produce clerk was in the area, presumably to show that he should have discovered the condition of the floor.  However, there is no evidence that the clerk was in the area longer than one or two minutes.  Moreover, the clerk was in a different aisle and there is no evidence that he could see the floor area where Ms. Goland fell.  Thus, there is no evidence from which a jury could find that the produce clerk had a reasonable opportunity to discover the condition of the floor prior to Ms. Goland's fall.

Finally, Ms. Goland points to Ms. Turner's testimony that the produce floor often had something on it.  Assuming, without deciding, that this could constitute evidence of some general failure to inspect or clean the floor, it still does not show that such a failure occurred that day or caused Ms. Goland's injury.   Where there is evidence of a failure to make proper inspections, "negligence is still not established unless it is shown that proper inspection . . . would or should have revealed a defect." *Smith v. Kelly*, 246 Md. 640, 644 (1967); *see also Maans v. Giant of Maryland, LLC.,* 2005 WL 742883, at \*6 (Md. App. Apr. 4, 2005).  Here, there is no evidence of how long the condition which caused Ms. Goland's injury existed and thus no evidence that it would have been discovered through reasonable inspections.

## IV.    Conclusion.

There is no evidence upon which a reasonable jury could find  a negligent failure to discover the condition which caused Ms. Goland's fall..  Accordingly, Defendants' motion for summary judgment will be granted.   A separate order will be entered.


Date:    April 20, 2005                                                    /S/

JILLYN K. SCHULZE
United States Magistrate Judge